CLARK *et al. vs.* THE UNITED STATES.

The bond of a collector of the internal revenue of the United States is a bond for the indemnity of the government alone, and not for the protection of private persons who may be injured by the torts of the principal or his deputies.

Officers.    Bonds.    Actions.    Before  Judge  HILLYER. Fulton Superior Court.    October Term, 1877.

Reported in the decision.

AMOS T. AKERMAN, for plaintiffs in error.

CONLEY & SHUMATE, for defendant.

WARNER, Chief Justice.

This was an action brought in the name of the United

States of America for the use of the plaintiff, against the defendant and his securities on his official bond as collector of United States internal revenue for the second district of Georgia, alleging as a breach thereof, that the defendant, as collector aforesaid, by his deputy, did seize and detain from the plaintiff, two horses, one wagon and harness, five hundred pounds of hammered iron, and three bushels of dried fruit, from the 12th day of December, 1876, until the 28th day of March, 1877, when the same was ordered to be returned to him by the United States court having jurisdiction thereof, and that said property whilst in the possession of said defendant or his deputy, was greatly damaged, to the injury of plaintiff two hundred and fifty dollars. To this declaration the defendants demurred. The court overruled the demurrer, and the defendants excepted.

The collector's bond sued on by the plaintiff in this case is a contract for the indemnity of the United States alone, and not for the indemnity of private persons who may be injured by the wrongs or torts of the collector or his deputies. The plaintiff's suit is upon a *contract*, and the injury complained of as a breach of that contract, is in the nature of a *tort* committed on the plaintiff's property by one of the collector's deputies, for which the collector and his securities are not liable on his bond required by the 3143 section of the revised statutes of the United States, although he might be proceeded against under the 3169th section. In our judgment the court erred in overruling the defendant's demurrer to the plaintiff's declaration.

Let the judgment of the court below be reversed.