THE STATE OF FLORIDA, FOR THE USE OF MAHLON GORE, APPELLANT, VS. J. R. MONTAGUE ET AL., APPELLEES.

1. The liability of sureties upon the official bond of a collector of revenue is limited by the terms of the bond, and can not be extended beyond the reasonably necessary import of the same.

2. The condition of the bond sued upon is, that the principal, as collector of revenue, "shall faithfully perform all the duties of his office by the faithful collection of all taxes, both State and county, and the prompt payment thereof to the State and county treasurers as prescribed by law:" *Held*, That a suit could not be maintained upon this bond, against either the principal or sureties, for fees due a publisher for advertising sales of lands for taxes, which had come into the hands of the principal. Such withholding of the moneys of the publisher by the collector is an instance of official misconduct, but not a breach of the official bond.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*Wm. H. Jewell* for Appellant.

*Beggs & Palmer* for Appellees.

LIDDON, C. J. :

The appellant, plaintiff below, brought his suit in the Circuit Court of Orange county against the appellees, defendants below. The suit was brought upon the official bond given by the defendant Montague, as collector of revenue of Orange county, and the other defendants were sued as sureties upon said bond. The delaration alleged the appointment of the defendant Montague as collector of revenue, the giving of an official bond, and the entry of said defendant Montague upon the performance of his official duties. The other defendants are alleged to have executed said bond as sureties upon the same, and the amount for which each, respectively, became bound is stated. The condition of said bond is stated in the body of said declaration to be, in substance, the defendant Montague, as said collector of revenue, shall diligently and faithfully perform all the duties of his said office as prescribed by law. A copy of the bond is attached to the declaration and made a part of it, and was evidently so regarded in the court below, and is so regarded in this court. The copy of the bond shows the condition of the same to be that the said Montague shall faithfully perform all the duties of his said office by the faithful collection of all taxes, both State and county, and the prompt payment thereof to the State and county treasurers as prescribed by law. The due execution and approval of said bond is alleged. The breach of said bond alleged is, that the defendant Montague did not pay over and duly account for all the moneys which came into his hands as such collector, to-wit: the sum of $1,735.89, the same being part of the charges and expense for advertising the sale of

certain lands in said Orange county for delinquent taxes, as provided by law. The declaration alleges that payment for said advertising is a part of the duty of said collector, and that the cost thereof is by law a part of such delinquent taxes due said State and county, and which taxes with costs and charges of advertising and sale it is made the duty of said official to collect and pay over. That the said advertising was duly made by the defendant Montague as collector; that he made sales of the lands in persuance thereof, and collected from the purchasers the cost of such advertising, but neglected and refused to pay the same over to the State of Florida, or county of Orange, or to the said Mahlon Gore, the publisher and proprietor of a newspaper known as the Orange County Reporter, published in said county, in which such advertisement was made. That said defendant Montague still fails and refuses to pay over said sum of money or any part thereof, in violation of the condition of said bond; and that said defendant and the other defendants sued as sureties still refuse to make such payments. To this declaration the defendants demurred, stating several matters of law to be argued upon the demurrer, the gist of them being that the claim sued for was not such a liability as would authorize a recovery upon the official bond of the defendant Montague. The Circuit Court sustained the demurrer, and afterwards, April 10th, 1890, the plaintiff declining to amend his declaration or file other pleadings in the case, renderd judgment against the plaintiff, dismissing the case, and for costs in favor of the defendants. The plaintiff appealed from this judgment and assigns as error the rulings of the Circuit Court sustaining the demurrer of the defendants to the declaration, and in entering judgment against the plaintiff.

The question presented by the record is whether a collector of revenue and his sureties are liable upon his official bond for fees due to the publisher of a newspaper for advertising notice of sale of lands for taxes, which had been received by the collector from the purchasers of the land at tax sales. The bond sued upon was made in persuance of the statute then in force (Chapter 3557, acts of 1885, page 3). It is not given to secure the performance generally of all of the official duties of the principal, but the manner in which he shall perform such official duties are distinctly pointed out, to-wit: shall faithfully and diligently perform all the duties of his office *by the faithful collection of all taxes, both State and county, and the prompt payment thereof to the State and county treasurers as prescribed by law.* The responsibilities of obligees upon an official bond of a collector must be gathered from the bond itself, and as to sureties upon such bond, the doctrine that sureties are favorites of a court of law prevails, and their liability must be shown upon a strict construction of the bond. Cooley on Taxation, page 712. Examining the bond in question, first as to the liability of the sureties, we ascertain that the extent of their engagement was that the principal should faithfully perform all the duties of his said office by the faithful collection of all taxes, both State and county, and the prompt payment thereof to the State and county treasurers. The bond does not cover the whole range of official duties, but only the proper collection of and payment of the taxes. The bond says that the principal shall faithfully perform all the duties of his said office by the faithful collection, etc. The exact duties being specified, certainly the sureties can not be held for the non-performance of other duties, the non-performance of

which was not assumed by them. The doctrine of *expressio unius est exclusio alterius*, has application to the condition of an official bond. United States vs. Cheesman, 3 Sawyer, 424. The sureties can not be held liable for the failure of their principal to pay the advertising fees sued for to Mr. Mahlon Gore, or to the State or county treasurer, unless those advertising fees can be called taxes which should have been paid over to the State or county treasurer. A tax is defined to be a rate or sum of money assessed upon the person or property of a citizen by government for the use of the nation, State or municipality. Rapalje & Lawrence Law Dictionary, title Tax. Cooley defines taxes to be the enforced proportional contributions from persons and property, levied by the State by virtue of its sovereignty for the support of the government and for all public needs. Cooley on Taxation, page 1.

The advertising fees were costs incident to the effort to enforce the collection of taxes by the sale of land. The statute itself under which the lands are sold makes a distinction between taxes and the costs of advertising and collecting taxes. Secs. 48, 49, 50, Chapter 3413 laws of Florida, acts of 1883, pages 33, 34, 35.

These costs are not required to be paid to the State or county treasurer. They are not taxes within the purview of the law or the bond sued upon. The sureties are not liable for the non-payment of the same. Their liability can not be extended beyond the scope of their engagement and the reasonably necessary import of the language of the bond. Raney vs. Baron, 1 Fla., 327; United States vs. Cheesman, *supra;* Miller vs. Stewart, 9 Wheaton, 703; Robinson vs. Epping, 24 Fla., 237, 4 South. Rep., 812. The doctrine of

*strictissimi juris* has special application to the bond of a tax collector. Cooley on Taxation, page, 708.

The bond required of a tax collector is for the safety of the public and the protection of the State's revenues. It is not intended as a protection to individuals who may be injured by the official misconduct, trespasses or neglect of the collector. Cooley on Taxation, page 712. In many states official bonds are different from that sued upon. They are made broad enough in their terms to cover every kind of official misconduct. From this has resulted many suits against tax collectors and their sureties for trespasses, for selling property not subject to taxes, or upon which the taxes have been paid, and for other matters. The form of bonds in use in this State excludes liability from every other matter except a failure to properly collect and pay over the taxes due the State and county. The remedy sought can not be applied as against Montague, the principal. This action is strictly upon the official bond of Montague. The wrong complained of is not a breach of his bond. The terms of the bond are not to be construed so strictly in his favor as in favor of his sureties, yet there can be no recovery in this action, unless the wrongful act alleged is by a fair construction of the language a breach of the bond. For reasons already stated herein, when discussing the liability of the sureties, it follows that it was not such a breach. Murfree on Official Bonds, sec. 475; Clark vs. United States, 60 Ga., 156. It is not meant that the defendant Montague is not liable to an action by reason of what is stated in the declaration, but that he is not liable in the present proceeding. It often happens that an officer inflicts serious injury upon an individual, and for which he could be held personally liable at law, and yet not commit a breach of his bond at all.

Therefore, all that it is intended to say here is that the matters stated in the declaration constitute no breach of the bond. The sureties could not, in any form of action, be made liable for the acts complained of, and if the principal is liable, some other form of action must be pursued against him. Murfree on Official Bonds, Section 475.

The judgment of the Circuit Court is affirmed.