Macrae, Justice:
This is an appeal from a judgment of the Circuit Court of Franklin county, rendered in an action of debt, instituted there in by Samuel Baron, administrator of Isaac S. Jacques, deceased, against David G. Raney, as one of the sureties of the Southern Life Insurance and Trust Company, in an appeal bond executed by it to the plaintiff’s intestate.
To the declaration the defendant pleaded payment, and upon the issue joined upon this plea, verdict and judgment were rendered for the plaintiff, for the sum of seven hundred and seventy dollars.
The main ground of error, set up by the plaintiff in error is, that upon the trial below, when the bond sued on was given in evidence before the jury, the Court refused to give the latter the following instruction, asked for by the defendant, viz.: “ that the plaintiff is not entitled to recover the ten per cent, damages, mentioned in the decree and judgment of the Court of Appeals, as part of his damages on the bond sued on,” and to this refusal the defendant excepted.
The bond executed by the appellant, in conjunction with the Southern Life Insurance and Trust Company, and declared dh, must be referred to, in order to determine the extent of his liability. The condition of the bond, after reciting “that the Southern Life Insurance and Trust Company are about to take an appeal from a judgment rendered against it at the Fall Term (1841,) of the Superior Court of Franklin county, in favor of Isaac S. Jacques, for the sum of nine hundred and ninety-two 52-100, to the Court of Appeals of the Territory of Florida,” concludes thus: “ Now, if the said Southern Life Insurance and,Trust Company shall pay the said damages recovered by said Isaac S. Jacques against it and costs, in case the judgment of said Superior Court shall be confirmed by the said Court of Appeals, then, this bond to be null and void, else' to remain in full force and virtue.” .
The covenant of the defendant Raney is, to pay; provided, the said Company, the principal in the bond, shall not pay “the said damages so recovered by said Jacques against it,” by which, we understand, is necessarily meant the sum of $992 52-100, before mentioned, and the costs. Such is the bond; and its obligation extends thus far, and *325 mo farther. We are, therefore, of the opinion, that the defendant be. low, is clearly not liable dn this 'bond, for the ten per centum damages and costs, for which judgment was rendered by the Court of Appeals of the late Territory .of Florida. . - It is so clear and. well settled a principle that a surety is bound to- the extent of the terms of his obligation and no farther, that we !deem it wholly unnecessary to refer to authorities to sustain it. It may be remarked, however, that the doctrine is well and fully illustrated in the case of Miller vs. Stewart, et al. 9 Wheat.- 680, and in 5 Cond. R. 727.
In this view of the extent of the appellant’s liability upon the bond in question, we are of opinion that the Court below erred in refusing the instruction asked for by the defendant, as set forth in his bill of exceptions, and assigned as error as before mentioned. And here, we feel justified in observing, that had the precise terms of the condition of this bond been brought to the view of the Court below, we cannot doubt that the learned Judge who presided, would have granted the instruction prayed for. That the Nisi Prius Courts are sometimes liable thus to err unwittingly, must be admitted'; and it is much to be regretted, in view of the speedy and satisfactory administration of justice, the great desideratum of both-Courts and suitors.
We have not considered it necessary to determine upon the excep. tion taken to the proper legal authentication of the letters of administration, submitted in evidence, in this case, in the Court below. ’ It is clear that the character’in which the plaintiff sued, is admitted by the defendant’s plea, and, therefore, was not required, to be proved. It is consequently1, not material to the right and law of the case, whether the Court erred, or not, in .permitting the letters in question to be offered to the jury. It may be regarded as a work of supererogation on the part of the plaintiff’s attorney, which should not prejudice his client. Be this as it may, the • objection may be made in another trial of the same case below, if it can again be raised under the pleadings.
We consider-it equally unnecessary to decide the third error assigned. As to the question of a remititur of damages by this Court, in the alternative which has been decided, we think it needs no discussion, considering, «s we do, that it is obvious that the remititur sought for, cannot be awardéd in vie w of the character of the verdict apparent upon the face of the record., We might remark, however, *326 that there appears to be. a blunder in the entry of this part of the proceedings.
On the whole we are of opinipn, and accordingly adjudge and order, that the verdict and judgment in this case in the Court below, be set aside, and that further proceedings be had therein in accordance with thiá opinion.

Judgment reversed, and venire de novo.