### THE EUREKA FIRE & MARINE INS. CO. V. J. L. BALDWIN.

1. INSURED MAY SHOW WAIVER OF CONDITIONS IN A POLICY.

In an action on a policy of insurance which provides that proofs of loss, if one should occur, should be made to the company within a reasonable time, and the petition alleges that all the conditions to be performed upon the part of the insured have been performed, the insured may show a waiver of such condition.

2. PREMISES DEEMED OCCUPIED, WHEN—

Where such policy provides that if the premises become unoccupied without the assent of the company the policy shall become void, and it is clearly shown that the house was practically vacant with the exception that a son of the insured slept in the house every day: *Held*, that under such circumstances the house was occupied, and, therefore, the policy was not rendered void on that ground.

ERROR to the Court of Common Pleas.

MARVIN, J.

This case comes here upon a petition in error.

A suit was brought by J. L. Baldwin against the Eureka Fire & Marine Ins. Co., upon a policy of insurance which had been issued to J. L. Baldwin, the property insured being a house, and that house burned on May 16, 1894.

The petition sets out the fact of the issuing of the policy, with a copy of the policy, sets forth the fact of the fire, and alleges that all the conditions to be performed upon the part of the insured, have been performed.

The result in the court of common pleas was a verdict and judgment in favor of Baldwin, and that, upon motion for a new trial, was sustained and proper exception taken.

The first question raised in the hearing, is as to the ruling on evidence which was offered and admitted for the purpose of showing that one of the conditions of the policy had been waived. The policy contained the condition, that proofs of loss, if loss should occur, should be made to the insurance company—forthwith, perhaps, is the word—either "forthwith" or "in a reasonable time." In any event, the word or words used mean-within a reasonable time, as construed by the courts. There is no claim that that condition was complied with. Nine months or there-abouts elapsed after the fire before proofs of loss were made. And it is urged, that evidence to show that that condition was waived by the company, which was claimed by the assured; was inadmissible under that petition; that if the plaintiff below relied upon the waiver of the condition regarding proofs of loss, that should have been pleaded. And there is not any question that such is the better way to plead.

There is a case which is cited to us and which we have examined, the case of Levy v. Peabody Ins. Co., 10 W. Va., 560, where this exact question was raised, and the court there held that where the petition set out that all of the conditions required to be performed by the assured, had been performed, the assured might show a waiver of those conditions.

There is a case, Pennsylvania Fire Ins. Co. v. Dougherty, 102 Penn. St., 568, where the same proposition is announced, but a reason is there given, which, perhaps, does not make that case exactly applicable to this but, in support of the opinion announced in that case, the court cites the case of the Ben Franklin Ins. Co. v. Flynn and Hamm, 98 Penn. St., 627. In that case, the pleadings set out a waiver on the matters of proof of loss, and the evidence varied materially from the allegations of the petition, that is, from the allegations of the petition, in reference to the waiver. The allegation was in these words:

"And plaintiffs further say, that notice of loss, preliminary proofs, and all conditions in said policy to be performed and kept by plaintiffs, were waived by defendant, to-wit: On the seventeenth day of July, A. D., one thousand eight hundred and seventy-eight, said defendant denying all liability for said loss, and pretending said policy and risk had been cancelled and terminated previous to said loss, when in truth and in fact the same had not been cancelled or terminated, but was still in full force and obligatory on defendant."

Now, the evidence, introduced in support of the waiver, differed very much from that alleged in the petition, but the court says, on page 636: "Then we have an objection to the proofs offered to establish the waiver, for that the declaration alleges that waiver to have occurred in a manner different from that set forth in the offer of proof. But as the *narr.* without the special clause, the subject of controversy, would have sustained the offer, we may treat this part of it as surplusage. We understand, indeed, that by the strict rules of pleading, if an allegation is made in the declaration which may be material in the trial, though immaterial in the pleadings, it must be proven as laid. But in our times, the severe rules of pleading find but little encouragement," and cites authorities in support of that.

A large number of cases are reported, in which, where suit is brought upon commercial paper and the endorser is sought to be held, and the allegations of the petition are that notice has been properly served upon the endorser, the evidence may be permitted and recovery may be had upon showing that notice was waived by the endorser: Taunton Bank v. Richardson et al., 5 Pick., 444; Camp v. Bates, 11 Conn., 492; Windham Bank v. Norton et al., 22 Conn., 219; Raney v. Baron, Admr., 1 Fla., 327; Blakely v. Grant, 6 Mass., 388; these are all and each upon that proposition, that where the suit is brought, as I have said, upon commercial paper, one may plead notice, and prove waiver.

The case of the Home Ins. Co. v. Lindsey et al., 26 O. S., 348, is a case to which our attention was called. The second clause of the syllabus reads: "In an action on a policy of insurance which contains a condition that, in case of loss, proof of the loss shall be made and delivered to the insurer within thirty days after the loss occurred, the petition of which does not allege performance of such condition, or a waiver on the part of the insurer, is bad on demurrer." This case is not directly in point upon the case that is before us here. Here there was an allegation of performance.

We are cited by counsel for plaintiff in error, to the case of Mehurin & Son v. Stone, 37 O. S., 49. That case was where a suit was brought upon a building contract, and there was a departure on the part of the plaintiff, in the work that was performed for the defendant under the contract. The petition alleged that the contract had been fulfilled on the part of the plaintiff. On the trial it was sought on the part of the plaintiff, to

show that certain alterations in the work had been consented to by the defendant and that thereafter a strict compliance with the contract had been waived, the court there held that under the allegations of the petition that there had been performance of the contract, it was not competent to show a waiver. The third clause of the syllabus in the case named, reads: " * * * Evidence tending to show that the defendant waived the performance of certain of the conditions of the contract by the plaintiff, is not admissible; * * * " The court, on page 58 in the opinion, say: "A waiver, by one party to an agreement, of the performance of a stipulation in his favor, is not a performance of that stipulation by another. It is an excuse for non-performance, and as such should be pleaded." (Citing cases.)

"An exception to this rule is said to prevail in actions by an indorsee against the indorser of a promissory note, where evidence of a waiver of demand and notice is held admissible and sufficient to support an allegation that demand was made, and notice given."

It will be observed that in the case last cited, the suit was upon a contract and it was alleged on the part of the plaintiff, that he had performed on his part, all that was to be performed; that was a building contract; that the thing for which he was entitled to recover, was the performance of the labor and the furnishing of the material, which, by the contract, it was agreed should be done. Whereas, in the case at bar, although the furnishing of the proofs of loss is a condition precedent to recovery, it is not the thing nor any part of the material thing which makes the insurance company the debtor of the assured; the debt accrues because of something else, to-wit: The issuing of the policy and the occurrence of the fire, and although proof of loss is a condition precedent to recovery, it is not the proof of loss which is the thing for which recovery is sought. It seems to us, that this is more nearly akin to the case of commercial paper. And upon the authority of the case in West Virginia, to which attention is called, and the Pennsylvania case, we hold, that there was no error on the part of the court, in admitting evidence to show waiver of proofs of loss. But it is said that the evidence is not sufficient to establish a waiver, when admitted.

It is conceded that if the insurance company denied all liability under the policy, that would be a waiver of proofs of loss.

That proposition is established by a large number of cases and authorities: May on Fire Insurance, sec. 459 (citing a large number of authorities); Portsmouth Ins. Co. v. Reynolds, Admr., 32 Grat., The Aetna Fire Ins. Co. v. Sparks, 62 Ga., 187; all these sustain the proposition just announced.

But was there a waiver? Was there a refusal to pay? Does the evidence establish such denial of liability, so as to constitute a waiver of proofs of loss?

The agent of the company, who solicited the insurance and through whom the policy was issued, was G. C. Mapes. After the fire Mr. Baldwin called on Mapes. Mapes went to the place where the fire had occurred, and another agent, by the name of Bohm, whom Mapes says was the special agent of the company, and was an adjuster, went there, and after that Mapes wrote a letter to Baldwin; it reads:

The Eureka Fire & Marine Ins. Co. v. Baldwin.

"Collinwood, O., Agency, May 26, 1894.

"J. L. Baldwin,

"Dear sir: Special Agent Bohm says that the vacancy of the house would spoil the policy, and that the company would not be liable for payment. He also requested me to cancel the policy on the other house, as it is vacant and might share a like fate ·The premium for the time yet to run would be $3.00, for which I enclose my check. Please send up the·policy by first mail. "Respectfully yours,

"G. C. Mapes, Agent."

By virtue of sec. 3644, Rev. Stat. of our state, Mapes was the agent of this company. He says in his testimony, that Bohm was the special agent and adjuster, and that he (Mapes) wrote this letter after consultation with Bohm. We think that there was a waiver on the part of the company. We are not prepared to say that the jury found wrongfully on the matter of waiver in any event.

But there was another condition in this policy, and that condition reads: "If the premises become unoccupied without the assent of the insurance company, the policy shall become void."

In the written portion of the policy, in the description of the premises, are these words: "On the one and one-half story frame, shingle roof building and its additions adjoining and communicating, occupied and to be occupied by tenant as a private dwelling, situate on the north side of North Depot street, at Nottingham, Cuyahoga county, Ohio."

The clause which I have just read, is the description of the premises, in the policy. Thereis no dispute as to what the facts are about the occupancy of that building. At the time the policy was issued, a tenant of the owner, with his family, lived in the building. They moved out about April 18 or 19, and thereafter, up to the time of the fire, a son of the plaintiff, who was employed in the railroad yards during the night, slept in this house through the day, going to the house about ten o'clock in the morning, and leaving it about five o'clock in the afternoon, and the undisputed evidence is that this occurred every day. The family of the plaintiff—of the owner of the house—lived in the house adjoining this house. Water was used from this house, by the family going into this house to get it, and that happened substantially daily, perhaps several times a day. The son of the plaintiff, who slept in the house, had his bed there and things necessary for his sleeping in the house; aside from that, the house was not occupied.

The court left to the jury the question of whether the house was occupied or unoccupied. Though I am not authorized to speak for the court, for myself I do not understand that where there is no dispute as to the facts, there is any work for the jury to do. It seems to me that the court should have said whether that was occupied or unoccupied. However, did the jury find right? The jury found specially that the house was not unoccupied. We think that the jury found right, that the house was not unoccupied.

We have examined the cases, not only those cited to us in briefs of counsel, but others, and, without taking the time to go over all the cases cited, we think that there are cases more nearly akin to the case now being considered than those cited on the part of the plaintiff in error, the effect of which is, to hold that this house was occupied at the time o the fire.

I call attention to the case of the Phoenix Ins. Co. v. Abraham Tucker, 92 Ill., '64. Without taking time to read more than the seventh

clause of the syllabus and a short extract from the opinion, I should say that the syllabus which I am about to read seems to sustain the position that it was proper to leave to the jury the question as to whether the house was occupied, even where there was no dispute as to the facts of how the building was used.

"7.   What is meant by the term 'vacant and unoccupied,' in a policy of insurance, as working a forfeiture of the policy, is a question of law, but whether a house was, at the time of a loss, vacant and unoccupied, within the meaning of the policy, is a question of fact for the jury."

It does not fully sustain the proposition, but, however, that may be, as I have said, we think the jury did not find wrong.   On page 71 of the opinion, the court uses this language:   "The object of courts, when enforcing a provision in a policy like this, should be to endeavor to so construe it as to give effect to what might reasonably be supposed to have been the intention of the parties when they consented to it.   It will hardly be contended that such a condition requires that the assured, or some of his family, should be actually in the house all the time." In this case there was the provision that the policy should be void if the building should be unoccupied.

In the case the law cited assured had lived in the house, was living there at the time the policy was issued.   He, thereafter, moved, with his family, but left part of the furniture in the house, and he himself slept in the house for a time.   His son or son-in-law moved his goods into the house to arrange it to live there, but they were not staying there all the time when the fire occurred.   It was held that the house was not unoccupied.

Our own Supreme Court, in Moody v. Insurance Co., 52 O. S., 12, 21, in the opinion delivered by Judge Williams, says:   "What constitutes vacancy or non-occupancy of a building, is a question of law; but whether a building is vacant or unoccupied, or not, within the meaning of the law, is a question of fact for the jury.   To consitute occupancy of a dwelling-house, it is not essential that it be continuously used by a family. The family may be absent from it for health, pleasure, business or convenience, for reasonable periods, and the house will not, on that account, be considered as vacant or unoccupied.   In the case of the Insurance Company v. Kiernan, 83 Ky., 468, it is held, that the condition in a policy on a house described 'as occupied as a family residence,' containing a condition that it shall become void if the house 'shall become vacant or unoccupied,' the words 'occupied as a family residence' must be regarded as but a representation as to the then use of the house, and the condition as but an undertaking by the insured that the house shall not be without an occupant during the time covered by the policy; and the condition is not broken or violated or the policy become void 'upon the house ceasing to be occupied' as a family residence, it continuing to be occupied by one person, who had access to the entire building for the purpose of caring for it."

They say there that the jury did not find wrong in this case, in finding that the house was not unoccupied.

This disposes of the errors assigned in the case, for which it is sought to reverse it, and, entertaining the views we do, the judgment of the court below is affirmed.

R. M. Lee, attorney for plaintiff in error.

J. F. Herrick, P. P. McClure, attorneys for defendan in errort.