Bueket, J.
The plaintiff below did not concede upon the trial that the house was unoccupied by a tenant in the sense in which that term is used in the policy, but he conceded facts which when applied to the terms of the policy in legal effect showed that the house was unoccupied by a tenant from April 19 to May 16, 1894. The son’s sleeping in the house, as stated in the evidence, was not an occupancy by tenant, and the family residing nest door and getting rain water at this house and the owner visiting the house each day, and like acts did not aid the matter.
The court should therefore have charged the jury that under the conceded facts the house was unoccupied at and before the fire, and then left the question *382 to the jury as to whether the risk was thereby increased. If increased there could be no recovery, and if not increased there could be recovery, unless prevented by some other question in the case. Insurance Co. v. Wells, 42 Ohio St., 519.
It canot be said as a matter of law that proofs of loss which are furnished on the 81st day of January next after a fire which occurred on the 16th day of May, were furnished as soon as possible after the fire. As soon as possible in such a case means as soon as reasonably practicable under the circumstances, that is within a reasonable time. There might be cases in which proofs of loss could not be furnished sooner than was done in this case, but if such should be the case, the facts which caused the delay should be pleaded.
It was urged below and also here that the delay was caused by the denial of liability on the part of the insurance companies. If that caused the delay the facts should have been set out in the petition. It is also urged that the denial of liability waived all proofs of loss, and that it was not necessary to furnish any proofs of loss in this case, and this was the view taken by the courts below. There are many respectable authorities Avhich hold that a denial of all liability on a policy after a fire is a waiver of all proofs of loss, and that a recovery may be had in such cases without such proofs. Conceding the law to be so for the purposes of this case, Avithout a full examination of the question, still the question remains as to AAdiether that principle of law could be invoked by the plaintiff under the pleadings in this case. The plaintiff did not plead that the defendants had denied liability on the policies and thereby waived proofs of loss. There was no averment of waiver of any of the conditions of the policies, but on the contrary the averment in the petition is that the plaintiff had duly performed all the conditions on his part to be performed. He relied not upon a waiver of con *383 ditions, but upon his'performance of them, including the conditions as to proofs of loss. That he did not rely upon a waiver of proofs of loss is shown by his averment in his petition that he gave the companies due proofs of loss on the 31st day of January, 1895. A waiver of a condition is the opposite of performance; it is a good excuse for non-performance. True there might ‘be a performance of a condition by one party after the other had waived performance. In an insurance case there might be a waiver of proofs of loss, and yet a furnishing of such proofs notwithstanding the waiver, and in such a case it would be proper to aver both performance and waiver. But as a rule of pleading if a party avers the performance of conditions only, he must prove performance upon the trial, and cannot succeed by proving waiver instead of performance. If he intends to rely upon and prove waiver he must plead it. In this respect an action upon a contract of insurance is not different from an action upon other contracts. The law as laid down in Mehurin v. Stone, 37 Ohio St., 19, is applicable to insurance cases as well as to actions on building contracts.
It is urged that in actions against indorsers of negotiable paper there can be a recovery against an indorser under an averment of due notice to him, although the proof fails to show notice, but shows waiver of notice, and the following cases are cited: 5 Pick., 444; 6 Mass., 388; 11 Conn., 192; 22 Conn., 219, and 1 Fla., 327. These cases may have been correctly decided under the system of pleading and rules of decision in those states; but in this state our code of procedure requires parties to state the facts constituting their cause of action or ground of defense, and if the fact relied upon in the pleading is notice, that fact should be supplied in the proof, and if the fact is waiver of notice, that fact should be averred and then proven. This is the plain provision of pleading, and it should be followed, so that *384 parties may be advised by the pleadings, as to what they must be prepared to meet on the trial.
The power of an agent to waive conditions in a policy of fire insurance is not different from the same power in a case of life insurance, and as to that question raised in this case reference is made with approval to what is said on that subject in the case of Union Central Life Co. v. Hook, 62 Ohio St., 256.
In the next trial of this case the questions reserved in the record as to testimony are not likely to again arise, because the errors complained of were caused by the erroneous view taken by the court as to the law of the case as above shown. Those questions will therefore not be further noticed here.
There is, however, another matter which calls for a passing notice.
The insurance companies in the second defense of their answer refer to the admissions and denials of their first defense, and make the same a part of the second as though fully pleaded at length therein. This is bad pleading, and such reference and tacking of one cause of action in a petition, or ground of defense in an answer to a former one, should be stricken out. Each cause of action or ground of defense should be separately and independently stated so as to enable the opposite party to take issue by demurrer or otherwise without being hampered by another cause of action or ground of defense.

Judgment reversed.