W. S. JENNINGS, GOVERNOR OF THE STATE OF FLORIDA FOR THE USE OF ESCAMBIA COUNTY, FLORIDA, PLAINTIFF IN ERROR, v. C. P. BOBE, M. F. GONZALEZ, AND EDWIN SENIOR, DEFENDANTS IN ERROR.

1. The liability of the obligors on the official bond of a constable is to be determined by the terms of the bond itself, and such terms cannot be extended beyond the reasonable meaning thereof construed with reference to the purposes contemplated by the law requiring the bond.

2. Where the condition of the official bond of a constable is that the constable "shall diligently and faithfully perform all the duties of his said office as prescribed by law" a declaration alleging as a breach of such bond that the constable made out and presented to the county commissioners certain improper and excessive cost bills with his affidavits "that said bills were made out in accordance with the laws of the State of Florida," when in truth said bills were not made out in accordance with law, and that by reason of

such representations the county commissioners were in-
duced to pay and the said constable did · receive certain
sums in excess of any amount he could legally charge
against and collect from said county as constable for such
services, is demurrable, since the breach alleged is not in-
cluded within the reasonable meaning of the condition of
the bond construed with reference to the purposes con-
templated by the law requiring the bond.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia
County.

The facts in the case are stated in the opinion of the
Court.

*Avery & Avery* and *R. P. Reese,* for Plaintiff in Error.

*Blount & Blount,* for Defendants in Error.

WHITFIELD, J.   An action was brought by the plaintiff
in error against C. P. Bobe as principal and M. F. Gon-
zalez and Edwin Senior as sureties on the official bond of
said C. P. Bobe as Constable for District No 2, Escambia
county, Florida.   The bond was conditioned that "if the
said C. P. Bobe shall diligently and faithfully perform
all the duties of his said office as prescribed by law, then
this obligation to be void, else to be and remain in full
force and virtue."   A demurrer to the declaration on the
ground "that it does not show any breach of the condi-
tion of the bond sued on" was sustained, and the plaintiff
not desiring to amend the declaration, final judgment
was rendered by the court for the defendant.   On writ
of error here error is assigned on the order sustaining the
demurrer to the declaration as well as on the rendering

of final judgment for the defendant. The bond is joint and several, and the action is brought against the principal and the sureties jointly.

Section 1257 of the Revised Statutes provides that "every constable shall give a bond in the sum of five hundred dollars, which shall be governed by the provisions governing bonds to be given by the Clerk of the Circuit Court." Section 1381 provides that "the Clerk of the Circuit Court shall, before he is commissioned, give bond * * * which * * * shall be conditioned for the faithful discharge of the duties of his office." There is no statute in this State regulating the liability of the obligors on the official bond of a constable. The liability of the obligors, therefore, is to be determined by the terms of the bond itself, and such terms cannot be extended beyond the reasonable meaning thereof construed with reference to the purposes contemplated by the law requiring the bond. See Raney v. Baron, 1 Fla. 327; State v. Montague, 34 Fla. 32, 15 South. Rep. 589; Gato v. Warrington, 37 Fla. 542, 19 South. Rep. 883; Robinson v. Epping, 24 Fla. 237, text 262, 4 South. Rep. 812; 25 Am. & Eng. Ency Law, 723.

The obligation of the bond in this case is that C. P. Bobe as constable "shall diligently and faithfully perform all the duties of his said office as prescribed by law." The breach of the bond alleged in the declaration is that C. P. Bobe as such constable did make out and present to the Board of County Commissioners of Escambia county, Florida, certain improper and excessive accounts for costs and charges against the county for service of process in criminal cases and services rendered therein in Justice of the Peace Court, District No. 2, said county, and did make affidavit to each of said bills and accounts so presented "that said bills were made out in

accordance with the laws of the State of Florida," when in truth said bills were not made out in accordance with law, and that by reason of such representations so con-tained in said affidavit of said Bobe the county commis-sioners were induced to pay and the said Bobe did receive certain sum in excess of any amount which he could legally charge against and collect from said county as constable for such services. In short the breach of the bond alleged in the declaration is that C. P. Bobe as con-stable unlawfully collected from the county money in excess of the fees allowed by law. The statutes prescribe the fees of constables and the conditions on which they may be paid by the counties. It is also provided that "the officer shall make out his account against the coun-ty in such form as the county commissioners may re-quire, stating the services for which the fee is charged, the title of the case in which the services were perform-ed, and the facts which, under the provisions of the pre-ceding section, make the fees a good claim against the county, including all legal charges and costs before Jus-tices of the Peace, and present the same to the Board of County Commissioners, with the affidavit that the same is correct. The County Commissioners shall have the right to reject all or any portion of any account which is not a valid claim against the county, and shall allow and pay the same only when it is just, correct and reasonable, and no constructive mileage, or illegal or unnecessary item or charge in any frivolous case shall be allowed." See Sec-tion 8 of Chapter 4323, Acts of 1895, as amended by Chapter 4672 Acts of 1899.

While the statute requires a constable to make out his account against the county in certain way, this require-ment relates to the manner of exercising a right confer-red on the constable, to-wit: To collect certain fees for

services rendered; and it cannot be said that the making of applications for fees earned are among the duties prescribed by law which the obligors in this bond undertook that "the said C. P. Bobe shall diligently and faithfully perform." This conclusion is strengthened by the provisions in the statute above quoted giving to the County Commissioners the right to reject all or any portion of any account which is not a valid claim against the county and providing that they shall allow and pay the same only when it is just, correct and reasonable, &c., which provisions are evidently intended as timely and ample protection for the county in the matter. See Furlong v. State, 58 Miss. 717.

The demurrer to the declaration was properly sustained and the judgment for the defendant is affirmed at the cost of the plaintiff in error.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.