S. JACOBS, *Plaintiff in Error, v.* JOHN SCHEURER, *Defendant in Error.*

1.  Under the statute a judgment may be a general lien on the defendant's real estate without reference to the record of his title, and land actually conveyed before the judgment is rendered is not affected by the lien of the judgment where the liability on which the judgment was recovered had no relation to the property and accrued subsequent to its conveyance by the judgment debtor.

2.  Where a conveyance of land is duly recorded before the levy of an execution on the land, the purchaser at the execution sale is under the statute not a purchaser of the land without notice of the prior conveyance, and takes subject thereto.

This case was decided by the Court en Banc.

Writ of error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for Plaintiff in Error;

*H. S. Phillips,* for Defendant in Error.

WHITFIELD, C. J.—In an action of ejectment Scheurer recovered certain real estate and Jacobs took a writ of error.

It appears that on May 19th, 1886, John T. Lesley by deed conveyed to Scheurer the land in controversy with other lands; that in the record of the deed on August 9, 1886, the description of this land was omitted; that on June 3, 1889, a judgment was procured against Lesley for a liability that "had no relation to said property and accrued subsequent to May 19, 1886; that on March 16, 1907, the conveyance from Lesley to Scheurer was again recorded showing that it covered the property in controversy; that an execution was issued on the judgment and levied on the land as the property of Lesley on June 2, 1907, and a sale of the land under the execution of July 1, 1907, was made to S. Jacobs; that Jacobs had no personal knowledge of the improper record of the conveyance at the execution sale; that Jacobs was in possession of the property when Scheurer brought ejectment therefor. The court rendered judgment for the plaintiff.

The defendant, Jacobs, argues here that as the first record of the conveyance omitted the description of the land, the purchase of it by him at the execution sale without actual notice of the conveyance, gave him a good title as against Scheurer.

The judgment rendered against John T. Lesley was a general lien on his real estate without reference to the record of his title, and as he had before the jugdment was rendered conveyed the land it was not subject to the judgment against him when the liability on which the judgment was recovered "had no relation to the property and accrued subsequent to the" conveyance in 1886.

The conveyance by Lesley to Scheurer made in 1886 was properly recorded on March 16, 1907, before the levy of

the execution under which Jacobs purchased; and under the statute such record was notice to the purchaser at the execution sale on July 1, 1907, therefore Jacobs is not a purchaser without notice and consequently took his conveyance subject to the title of Scheurer, of which he had constructive notice.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER. J. J., concur.