WILLIAM M. HUNTER, *Appellant, v.* STATE BANK OF FLOR-
IDA *et al., Appellees.*

## Opinion Filed Feb. 25, 1913.

1. A—a bank—secured a judgment against P. on the 16th of September, 1908, for $116.78, which was recorded. On the 24th day of January, 1910, H., an uneducated man, supposing that he was executing a mortgage to P. to secure a loan of money on the lot on which he then and afterwards lived when the bill in this case was filed, executed a deed of the said lot to P., prepared by the latter, and which the latter recorded on February 12th, 1910. H., not having secured any money from P., supposing the negotiations with him at an end, on the 3rd of February, 1910, borrowed $400.00, from J. H. which he secured to him by a mortgage on said lot, which mortgage was recorded on the same day. In this mortgage H. claimed to be the absolute owner of said lot. A., the bank, never knew of the deed from H. to P. until after it was filed for record. It has sued out execution and levied on said lot as the property of P. On these facts set out in detail in the opinion, *Held*: On bill filed by H. against A. and P. to cancel the deed to P. and to declare the judgment of A. against P. as not constituting a lien on the lot in question, that H. was entitled to the relief for which he prayed.

2. The lien of a judgment under the statute of Florida is effective only as to the beneficial interest of the judgment debtor in real estate. But if the record shows a beneficial interest in the judgment debtor and there are no circumstances to rebut such showing, or to put interested parties upon enquiry, when in fact the judgment debtor has no beneficial interest, or only a partial or qualified interest, those who have the beneficial interest not shown of record may be estopped from asserting it against a bona fide judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or purchaser at a judgment sale under the judgment, reasonably may have acquired substantial rights on the faith of, or by reason of the record showing an inter-

est in the judgment debtor, when in fact such interest belongs to another.

3.  The registry statute does not operate to convey title in, or to create a lien upon property; but records made under such statute may operate as an estoppel, where persons without actual knowledge and without circumstances to put them upon enquiry, may have reasonably taken steps relying upon the record, and those who by their conduct or neglect in permitting the record to mislead others must bear any consequent loss, rather than one who in good faith may have acted with reference to the record as being in accord with the actual facts.

Appealed from the Circuit Court for Duval County.

Decree reversed.

*Cockrell & Cockrell,* for Appellant;

*Powell & Pelot,* for Appellees.

HOCKER, J.—Hunter, the appellant, filed his amended bill in the Circuit Court of Duval County against The State Bank of Florida and John H. Pope of Duval County, and alleged substantially that the orator is now and for many years past, *viz.* twenty years, has been continuously seized and possessed and in actual possession of a half-lot of land in the city of Jacksonville, which is definitely described and his claim of title is set out; that in January, 1910, the orator consulted the defendant John H. Pope in order to borrow certain money with which to improve the lot of land; that Pope was then and is now an attorney at law and also engaged in procuring loans of money secured by real estate mortgages; that in order to borrow the money Pope had orator execute a fee-simple deed to him of the lot; that orator is an uneducated ne-

gro and did not know a deed from a mortgage; that orator never intended to execute a deed to Pope, or any one else; that orator's sole purpose was to borrow money and give a mortgage on the lot as security, and never empowered Pope to pass the title or do aught else than to act as broker to assist orator in procuring a loan of money on a mortgage and signed the deed exhibited to him by Pope supposing it to be a mortgage; that Pope failed to secure a loan of money and orator in his ignorance supposed that the paper he signed to be of no value, did not realize that it could be used by Pope as a basis of a claim by a third party. Orator alleges that Pope never claimed any interest or ownership in said lot and never attempted to exercise any possession or dominion over the said lot. Orator alleges that the defendant State Bank of Florida never heard of said paper purporting to be a deed to Pope until after it was filed for record; that the supposed deed was signed by orator on the 24th of January, 1910, left with Pope, and filed for record in said county on, and not before, the 12th of February, 1910, and this was done without authority from orator, and he was not informed thereof until long after, and as soon as orator was informed he endeavored to have the matter adjusted through a conference with defendants, and failing in this, filed his original bill.    It is alleged there was no consideration moving from Pope to orator, and no agreement for a consideration; that the State Bank of Florida had notice of the fact that Pope did not own the lot, and that orator was the owner, and that solely through the filing and recording of said deed does said bank make any claim of a lien on said lot.    It is alleged that for twenty years continuously orator resided on said lot in his dwelling house thereon, except for a few weeks after the fire of May 3rd, 1901; that he had the lot fenced, and about or before the

time of making an effort for the loan he had bought and placed on the lot of ground lumber and brick for another dwelling house. Having failed to borrow money through Pope, orator on the 3rd of February, 1910, borrowed $400.00 from Julius Hirschberg, which he secured to him by a mortgage on said lot made on said day, which was recorded in the Clerk's office on the same day. A copy of this mortgage is attached to the bill. The mortgage to Hirschberg was recorded before the deed to Pope was recorded, and showed that orator claims to be the absolute owner of the lot. An abstract of title since secured by orator shows that the defendant State Bank of Florida secured a judgment against Pope in the County Court for said county on September 16th, 1908, for $116.78 with interest and costs, and orator charges that said judgment has been recorded and creates a cloud on his title to said lot. Orator also charges that an execution has been issued on said judgment, and the lot in question is being advertised for sale on the sale day in May, 1910. Orator charges that unless the State Bank of Florida should be restrained, a sale will be made of said lot and a sheriff's deed executed therefor, which would becloud orator's title. The prayer, among other things, is that the fee simple title to the lot be adjudged in orator—that neither of the defendants have any interest, right or title therein, that the cloud on the title be removed, that the sale be enjoined, &c. The bill was sworn to. A demurrer was filed to the bill by The State Bank of Florida on the ground, among others, that there was no equity therein, and this demurrer was sustained by the court. From this order an appeal was taken to this court.

We do not think it necessary to discuss the effect of the recording acts upon the facts of this case, except in so far as the filing and recording of the mortgage to Hirsch-

berg was public notice that the appellant claimed this land as his own several days before the deed to Pope made by appellant, was recorded. If the bank examined the records after that deed was recorded, and it is alleged that is the way the bank got its information of the execution of the deed to Pope, it must have noted the mortgage given by appellant to Hirschberg, claiming absolute ownership of the property. Appellant was then and had been for twenty years in open actual possession of the property. The bank's judgment antedated the deed to Pope by fifteen months. No consideration moved from Pope to the appellant for the execution of the deed, and there was no agreement for a consideration. The bank never paid anything, or lost anything in connection with the making of the deed to Pope. The bank was a general creditor of Pope. Taking the allegations of the bill to be true, the deed from appellant to Pope was fraudulent and a nullity. If the bank had proceeded to sell the lot in question under the general principles of law and had bought it, it would have required no better title than Pope had, which was not a valid title. 1 Black on Judgments, Sec. 420. "A judgment being but a general lien, and the creditor under it obtaining no incumbrance but on such estate as his debtor really had, the equity of said creditor gives way before the superior right of an owner in the land who had conveyed the land to the debtor only by duress, and who never had parted with possession." Brown v. Pierce, 7 Wall. (U. S.) 205. To the same effect Baker v. Morton, 12 Wall. (U. S.) 150.

Section 1600 of the General Statutes of 1906 provides that judgments and decrees of the Circuit Courts "shall create a lien and be binding upon the real estate of the defendant in the county where rendered." Section 2480 of the General Statutes provides that "no conveyance,

transfer or mortgage of real property, or of any interest therein, nor any lease for a term of one year or longer shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law."

The lien of a judgment attaches only to "the real estate of the defendant." The statute makes the judgment lien effective only as to the actual beneficial interests of the defendant. Jacobs v. Scheurer, 62 Fla. 216, 57 South. Rep. 356; 23 Cyc. 1368. But if the record shows a beneficial interest in the defendant and there are no circumstances to rebut such showing or to put interested parties upon enquiry, when in fact the defendant has no beneficial interest or only a partial or qualified beneficial interest, those who have the beneficial interest not shown of record may be estopped from asserting it against a *bona fide* judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or a purchaser at a judicial sale under the judgment reasonably may have acquired substantial rights on the faith of or by reason of the record showing an interest in the judgment debtor when in fact such interest belongs to another.

The registry statute does not operate to convey title or to create a lien upon property; but records made under such statute may operate as an estoppel where persons without actual knowledge and without circumstances to put them upon inquiry reasonably may have taken substantial steps relying upon the record; and those who by their conduct or neglect in permitting the record to mislead others must bear any consequent loss rather than the one who in good faith may have acted with reference to the record as being in accord with actual facts.

In Mansfield v. Johnson, 51 Fla. 229, 40 So. Rep. 196,

Am. St. Rep.      , the existence of the record of the deed in the name merely of the judgment debtor at the date of the record of the judgment may reasonably have misled the judgment creditor in extending the credit on which the judgment was founded.   There was nothing to put the judgment creditor on notice or enquiry of the defendant's real rights and interests in the land.

In this case a conveyance to the judgment debtor by Hunter, who remained in actual and continuous possession, was recorded after the record of a mortgage executed subsequent to the conveyance which mortgage executed after the conveyance contained a warranty that the mortgagor owned the legal title.   The record of the mortgage prior to the record of the conveyance with the warranty contained in the mortgage was sufficient to put the judgment creditor upon inquiry and such inquiry would have developed the invalidity of the conveyance through which the judgment creditor claims.

Under these circumstances the mere record of the conveyance executed long  after the date of  the judgment could not by any possibility operate as an estoppel against the grantor, mortgagor or the mortgagee.

Decree reversed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.