THE FIRST NATIONAL BANK of Arcadia, *Appellant*, vs. NELLIE R. SAVARESE, by her next friend, T. A. MORRISON, *Appellee*.

Division B

Opinion filed May 6, 1931.

*Treadwell* and *Treadwell,* of Arcadia, for Appellant;

*Daniel A. Stewart,* of Arcadia for Appellee.

DAVIS, J.—In this case the appellant, First National Bank of Arcadia, had recovered a judgment against one John Savarese and Louis Hall in the Circuit Court of DeSoto County. Shortly thereafter a certified copy of said judgment was recorded in the public records of Sarasota County in the place required by law. Execution was sued out on the judgment and levied upon certain property which at the time of the levy stood on the records of Sarasota County in the name of John Savarese.

After the levy Nellie R. Savarese, who is the wife of the said John Savarese, filed a bill of complaint in the Circuit Court of Sarasota County against one W. M. McGlamery, joined by his wife Annie S. McGlamery, against her husband, John Savarese, and against the appellant herein, First National Bank of Arcadia, and L. D. Hodges as Sheriff of Sarasota County, Florida.

The object of this suit was to secure the reformation of a deed which had been made by McGlamery to John Savarese and to enjoin L. D. Hodges as Sheriff of Sarasota County from selling under execution against John Savarese the property as the property of John Savarese which was described in the deed sought to be reformed.

A temporary injunction was granted and upon the trial of the issues raised by the bill and answers a final decree was rendered in favor of appellee, Nellie R. Savarese.

From the record it appears that Nellie R. Savarese, more than two years prior to the institution of the suit, had acquired the property levied on and that such property had been conveyed to her in her own name. Sometime thereafter, however, she conveyed the property to one W. H. McGlamery, who, on the same date, gave back to her a mortgage on the property for a part of the purchase

price of same. Thereafter McGlamery, who had become the owner of the property under the conveyance from Nellie R. Savarese, became delinquent in his interest on the mortgage which he had given to Nellie R. Savarese, and in consequence thereof the said Nellie R. Savarese, as mortgagee, exercised her option reserved in the mortgage to declare the whole amount of the mortgage due and payable and so notified the mortgagor, McGlamery.

It thereupon appears that McGlamery proposed to Mrs. Savarese that he would re-convey to her said land incumbered by said mortgage if she would satisfy the mortgage of record, which proposition she accepted. Accordingly the mortgage was satisfied and the notes which had been given by McGlamery were cancelled and thereupon the said McGlamery, joined by his wife, made a deed of conveyance of the mortgaged premises in pursuance to the agreement which had been accepted by Nellie R. Savarese.

However, in consummating the transaction it was alleged that instead of making this deed to Nellie R. Savarese, from whom the title had been originally obtained by McGlamery, that McGlamery made the deed to John Savarese, the husband of Nellie R. Savarese, without the latter's knowledge or consent.

The theory of the bill is that it was the intention of the parties to the mortgage that the title to the mortgaged premises should be re-conveyed and re-delivered to the appellee, Nellie R. Savarese, but that by inadvertence and by mistake the name of John Savarese, who was the husband of the appellee Nellie R. Savarese, was used as grantee.

It then appears that after the deed had been made and recorded appellant, First National Bank of Arcadia, had its judgment recorded in Sarasota County and in order to

satisfy its judgment attempted to levy upon and sell as the property of John Savarese the property which it is alleged in the bill of complaint McGlamery conveyed to John Savarese by inadvertence and mistake instead of to his wife Nellie R. Savarese, who was in reality entitled thereto.

From the admitted testimony of both parties, it appears that the First National Bank of Arcadia secured its judgment six months after the execution and recordation of the deed from McGlamery and wife in favor of John Savarese.

It is accordingly the contention of the appellant that as an execution creditor of John Savarese the Bank is equally protected with subsequent purchasers without notice against unrecorded conveyances, transfers or mortgages of real property, and that unless it was shown that the appellant, First National Bank of Arcadia, had some notice, either actual or constructive, of the claim of ownership of Nellie R. Savarese in and to the property in question, either before or at the time of the Bank's recordation of its judgment in Sarasota County, that in that event the lien of the Bank's execution and judgment attached to the property the title to which at that time was vested in John Savarese.

It is further argued that this is true regardless of any mistake or intention of the parties to the deed made from McGlamery to Nellie R. Savarese and that the appellant as a judgment creditor has a first lien upon the property which it *found* in the name of John Savarese at the time it recorded its judgment.

In support of such contention the appellant cites the cases of Lusk v. Reel, 36 Fla. 418, 18 So. 582, and Mansfield v. Johnson, 51 Fla. 239, 40 So. 196. But it does not

necessarily follow from those cases that we must hold that *every* judgment creditor has a legal right to subject property held by a trustee under a resulting trust, as in the instant case, to the satisfaction of his judgment, simply because the creditor, when judgment was obtained, had no notice or knowledge of the claim of the *cestui que* trust.

The true rule in such cases as this has heretofore been stated by this Court in the case of Hunter vs. State Bank of Florida, 65 Fla. 202, 61 So. 497, wherein the Court said:

"The lien of a judgment attaches only to 'the real estate of the *defendant*'. The statute makes the judgment lien effective only as to the actual beneficial interests of the defendant. Jacobs v. Scheurer, 62 Fla. 216, 57 South. Rep. 356, 23 Cyc. 1368. But if the record shows a beneficial interest in the defendant and there are no circumstances to rebut such showing or to put interested parties upon inquiry, when in fact the defendant has no beneficial interest or only a partial or qualified beneficial interest, those who have the beneficial interest not shown of record may be estopped from asserting it against a *bona fide* judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or a purchaser at a judicial sale under the judgment reasonably may have acquired substantial rights on the faith of or by reason of the record showing an interest in the judgment debtor when in fact such interest belongs to another.

The registry statute does not operate to convey title or to create a lien upon property; but records made under such statute may operate as an estoppel where persons without actual knowledge and without circumstances to put them upon inquiry reasonably may have taken substantial steps relying upon the record; and those who by their conduct or neglect in permitting the

record to mislead others must bear any consequent loss rather than the one who in good faith may have acted with reference to the record as being in accord with actual facts.

In Mansfield v. Johnson, 51 Fla. 229, 40 So. 196, Am. St. Rep., .·.. the existence of the record of the deed in the name merely of the judgment debtor at the date of the record of the judgment may reasonably have misled the judgment creditor *in extending the credit on which the judgment was founded.* There was nothing to put the judgment creditor on notice or inquiry of the defendants real rights and interests in the land.'' (Emphasis ours).

Thus it may be said that while the beneficial owner of property may oftentimes be estopped from asserting his beneficial interest in the property against a *bona fide* judgment creditor, it is also generally recognized that a judgment creditor cannot have his debt satisfied out of property held by his judgment debtor under a resulting trust for another, no matter how completely his debtor has exercised apparent ownership over it, unless it is made to appear that it was on the faith of such ownership that the credit was given which resulted in the judgment sought to be satisfied. See 17 R.C.L. 125.

Thus a distinction is generally drawn between a judgment creditor who extended credit and acquired judgment on the faith of the title to certain property being at the time of the extension of credit in the judgment debtor and a judgment creditor who extended credit without any such reliance.

As against those creditors who have relied upon a record title to property held by a debtor under a resulting trust the *cestui que trust* will be estopped from asserting his claim but as against the others the claim of *cestui que*

*trust* may be good, dependent upon the surrounding circumstances.

In such cases, the record *may*, but does not necessarily *always* operate as an estoppel when judgment creditors without actual knowledge, and without circumstances to put them upon inquiry, reasonably may have taken substantial steps relying upon the record. As against a judgment creditor seeking to satisfy his judgment out of property of a *cestui que trust* under a *resulting* trust, the rights of the innocent *cestui que trust* should prevail unless it is made to appear that the *cestui que trust* for equitable reasons should be estopped from asserting his rights.

It is not incumbent upon a *cestui que trust* under a resulting trust to develop or establish facts that show affirmatively that the judgment creditor had not acquired rights on the faith of or reason of the record showing title in the judgment debtor. The general rule is that the burden of proving estoppel rests upon the party invoking it. Horton v. Smith-Richardson Co., 81 Fla. 255, 87 So. 805, 10 R.C.L. 845. And it is on the doctrine of estoppel that the rights of the judgment creditor in such cases must be determined, if he is to prevail, after levy, but before any sale has been actually made, to satisfy the execution. After sale, the situation is probably different in this respect.

In this case there was nothing to show when the obligation of John Savarese which was reduced to judgment was made,—whether before or after the conveyance by Mc-Glamery to John Savarese, nor is there any showing that the First National Bank of Arcadia extended credit to John Savarese on the faith of the title to the property levied on being in John Savarese at the time the credit was extended, nor that the judgment was sought and obtained on the strength of the record.

Under these circumstances, Nellie R. Savarese, who was undeniably the owner of the property in her own name long prior to the time she undertook to sell it to McGlamery and take back from him a mortgage for the purchase price, which transaction later led to the bringing about of the state of facts involved in this suit, and who had no knowledge of the conveyance of the property to her husband until sometime after the deed from McGlamery to him was recorded, should not be held to be estopped from asserting before an attempted execution sale has been accomplished her actual separate ownership of the property. She was equitably entitled to have the deed reformed upon proper allegations and proof, notwithstanding the fact of the recordation of the judgment obtained by the Bank against her husband upon which no execution sale was had before her suit for reformation was filed.

The decree of the court below should be affirmed, and it is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.