ROGER F. LITTLE, as Receiver of the Urbane Banking Company, an insolvent Illinois Bank, *Appellants,* v. L. B. SAFFER, et al., *Appellees.*

148 So. 573.

Division A.

Opinion filed May 13, 1933.

*George P. Garrett* and *Akerman & Gray,* for Appellants;
*Whitfield, Beckett, Wright & Whitfield,* for Appellees.

DAVIS, C. J.—Complainant below, Roger F. Little, as Receiver, etc., undertook to have the Court decree that certain notes, coupons and a deed of trust, which were the subject matter of a certain foreclosure suit pending in the same court, were owned by and were the property of one L. B. Saffer, and that upon the court so finding, that it order the proceeds of said notes, coupons and deed of trust applied to the payment of the judgment or complainant against said L. B. Saffer. The appeal is from the final decree that, on re-hearing, dismissed the bill on its merits.

The appellee, C. L. Crabbs, on October 17, 1930, was denied leave to intervene in the suit. The intervention proposed was to set up a claim of title to the subject matter adverse and hostile to both complainant and defendants and not in subordination to either. The cause proceeded to issue, answers were filed by various defendants and on June 17, 1931, the court entered its original final decree finding the equities in favor of complainant.

On April 18, 1932, pursuant to petition of certain of the

defendants filed on June 24, 1931, the final decree of June 17, 1931, was vacated and set aside and a re-hearing granted. Thereupon the would-be intervenor applied for leave to withdraw his intervention that had been previously denied on October 17, 1930. Whereupon complainant sought and was granted leave to amend his bill to make C. L. Crabbs a party defendant which was done in due course. Crabbs appeared and answered, his answer being that the notes, coupons and deed of trust sought to be subjected to the complainant's judgment against L. B. Saffer were never at any time the property of said L. B. Saffer, nor represented nor held out so to be. Thereupon, by stipulation of the parties, the cause was re-submitted to the Chancellor on the record already made and the testimony already taken. The result on re-hearing was a new final decree which adjudicated the equities of the whole controversy to be with Crabbs by dismissing the amended bill on its merits.

Conceding now, for the sake of argument, that the court below did, as claimed here on this appeal, commit an error when he granted a re-hearing of the first final decree at the instance of defendants in the cause who had not been aggrieved by its rendition, the transcript shows that complainant afterward, by his own voluntary act, amended his bill of complaint by making Crabbs, the petitioning would-be intervenor, a party defendant to the suit and prayed formal process against him as such defendant, and an adjudication that the added defendant's claim to the subject matter was subordinate and inferior to that of complainant as stated in his amended bill.

The transcript further shows that by a stipulation in writing entered into between all the contesting parties before the court on re-hearing, it was specifically agreed that "said cause is now by consent forthwith submitted on final hearing to the Judge of this Court on the pleadings already in the

file, *including the answer of C. L. Crabbs,* and the testimony and exhibits already taken and filed in the cause." Such stipulation, when considered in the light of complainant's amended bill and the answer of the added defendant, C. L. Crabbs, was in legal effect a voluntary submission to the Chancellor of the complainant's controversy with Crabbs, as raised by the amended bill and answer thereto, and entitled the court below to adjudicate the issues necessary to be decided. See Skiveson v. Brown, 101 Fla. 1389, 136 Sou. Rep. 678.

So the errors assigned on the allowance of the re-hearing in the first instance, having been rendered immaterial by the subsequent procedure voluntarily had by the parties to this appeal, have become harmless and afford no ground for reversal of the final decree now appealed from, if such latter decree be otherwise free from error.

Turning now to the merits of the defense raised by defendant C. L. Crabbs, we find the following to be the facts. Crabbs was the owner of a mortgage on the property involved in this case and assigned his mortgage to one E. C. Woods. Woods satisfied the mortgage and a new mortgage and notes were executed by L. S. Arrington and wife to R. E. Saffer, as Trustee. The notes were endorsed by L. S. Arrington and in this form were held by L. B. Saffer in his custody and control. L. B. Saffer collected from the mortgagor Arrington and, so it is alleged, proceeded in his dealings with Arrington as if he (L. B. Saffer) and not C. L. Crabbs, were the real owner of the mortgage and notes. Saffer, several weeks prior to the present suit, placed the notes with attorneys to be foreclosed in the name of one George A. Ray, as holder, with the understanding that Crabbs was to be nominated to act as receiver for the mortgaged properties. Shortly after the foreclosure proceedings were filed, Roger F. Little, Receiver of the Urbana

Banking Company, and a judgment creditor of L. B. Saffer, filed his creditor's bill, seeking to reach and sequester the Arrington notes and mortgage to be applied on complainant's judgment. Crabbs, who is apparently conceded by all parties to be the real owner of the notes and mortgage sought to be sequestered as the property of L. B. Saffer, attempted to intervene in the suit between Saffer and his creditor, but his intervention was denied.

In the final decree of June 17, 1931, which was set aside on re-hearing, the court found that, on the record then before him, said L. B. Saffer was the owner of the notes and mortgage in issue, and directed the application of same to the satisfaction of the $21,410.08 judgment recovered against L. B. Saffer by complainant, Roger F. Little, as Receiver of Urbana Banking Company. In the final decree on re-hearing now appealed from, the court found that the equities were with the defendant, C. L. Crabbs, and dismissed the bill.

It must be conceded that the conduct of Crabbs was fraudulent as to his own creditors and that Crabbs was also guilty of perpetrating a fraud on the court in allowing the notes and mortgages of which he was the real owner, to be sued on by a third party complainant for the purpose of concealing his true ownership thereof to the prejudice of creditors having claims against him (C. L. Crabbs).

But the question now before us is whether or not the Chancellor erred in finding in favor of C. L. Crabbs on his controversy with L. B. Saffer's judgment creditor. Assuming that there is no evidence to disprove complainant's allegations that Crabbs permitted L. B. Saffer to hold and deal with the former's negotiable notes and with the Arrington mortgage as his (Saffer's) own individual property, what rights did Roger F. Little, as Receiver of Urbana

Banking Company, acquire as against Crabbs to subject Crabbs' notes and mortgage to the lien and decree of a creditor's bill brought to appropriate the same as L. B. Saffer's property to satisfy the Illinois judgment recovered against L. B. Saffer in October, 1929, and reduced to a Florida judgment in January, 1931?

We think the answer to this question is found in what was said by this Court in our recent case of First Natl. Bank of Arcadia v. Savarese, 101 Fla. 480, 134 Sou. Rep. 501. In that case it was said:

"A judgment creditor cannot have his debt satisfied out of the property held in the name of his judgment debtor under a resulting trust for another, unless it was on the faith of the judgment debtor's apparent ownership that credit was given which resulted in the judgment sought to be satisfied."

An exception to the foregoing rule was stated in that case to the effect that:

"Those who have a beneficial interest in property not shown of record, may be estopped to assert it against a bona fide judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or a purchaser under a judicial sale under the judgment may reasonably have acquired substantial rights on the faith of, or by reason of the record showing an interest in the judgment debtor, when in fact, such interest belongs to another." (2nd head-note.)

In this case there was no record of the title to the property here involved as held by L. B. Saffer, the judgment debtor. Therefore under the rule stated in First National Bank of Arcadia v. Savarese, *supra,* the claim of C. L. Crabbs as the *cesuti que* trust is good as against the judgment creditor of L. B. Saffer, unless the judgment creditor has shown

that for equitable reasons the rights of C. L. Crabbs should not prevail as against the judgment recovered against L. B. Saffer.

But the decree appealed from may be affirmed on a broader ground. The evidence does not show with certainty, nor is it to the conclusive effect that, the notes, coupons and mortgage sought to be sequestered as L. B. Saffer's property to be applied on L. B. Saffer's debts, have ever been held in the name, custody and control of said L. B. Saffer as charged in the creditor's bill.

The bill charged that L. B. Saffer was the owner of the original notes and coupons, secured by mortgage, signed by L. S. Arrington, payable to himself and endorsed by Arrington; that neither R. E. Saffer, as trustee, or individually, was the owner of said notes, coupons or mortgage, nor had the defendant E. C. Wood, a single woman, any interest therein or right thereto. The bill admitted that the notes were all being held by R. E. Saffer, as purported trustee for E. C. Woods, as beneficiary merely and intentionally as a scheme and contrivance whereby said L. B. Saffer is secreting his assets from his creditors.

The proof tends to show that the scheme and contrivance was not one on the part of L. B. Saffer to conceal *his* assets, but was one on the part of C. L. Crabbs whereby said C. L. Crabbs was intentionally secreting his assets from his own creditors. Such fraudulent scheme on the part of C. L. Crabbs, while nefarious in purpose and contrary to all just conceptions of equitable conduct, does not make out a case warranting the court in decreeing the truth of allegations of the bill not proved respecting a different kind of scheme charged but not established by the evidence.

Crabbs was not the actor in the case now before us but was the defendant brought in by an amendment to complainant's bill for that purpose. Had he been an actor

seeking protection from the consequences of his own misconduct, equity would have denied him such relief.

The case here resolved itself simply into one where complainant by a creditor's bill sought to reach certain equitable assets supposed by him to be in the concealed property of his debtor, L. B. Saffer, but which in the proof has been disclosed to be a concealed asset of C. L. Crabbs, so the Chancellor's findings on the merits should not be disturbed in the absence of a showing that Crabbs was estopped to assert the kind of defense that he interposed. No such estoppel was either pleaded or proved in this case, as between L. B. Saffer's creditor and C. L. Crabbs the *cestui que* trust of assets held by R. E. Saffer as ostensible trustee for Woods.

Affirmed.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.