Lillie I. Laganke, Unmarried, v. J. B. Sutter, *et al.*

187 So. 586.
Opinion Filed March 7, 1939.
Rehearing Denied April 11, 1939.

72

*Marrow & Mayes,* for Appellant;
*Botts & Field,* for Appellees.

BUFORD, J.—The appeal brings for review decree in favor of the defendants in a suit to quiet title to certain property located in Coral Gables in Dade County, Florida.

The decree was entered after findings on testimony taken by Special Master in favor of the plaintiff and exceptions to the report of the Special Master has been sustained by the Chancellor.

The salient facts as disclosed by the record, are that, prior to April 30, 1925, the property was owned by George E. Merrick and that on April 30, 1925, Merrick sold the property to Coral Gables, Corporation, a Florida corporation, received full compensation for the property and either did include or intended to include the description of this particular property in the description in the deed from Merrick and wife to Coral Gables Corporation; that the deed from Merrick to Coral Gables Corporation was lost and never filed for record; that thereafter, on December 28th, 1926, Coral Gables Corporation sold the property to

the complainant, Lillie I. Laganke and conveyed same by warranty deed dated December 28, 1926, and filed for record on and recorded in the Public Records of Dade County on March 17, 1927. That shortly prior to the instant suit Merrick and wife executed and delivered to Coral Gables Corporation a warranty deed to said property which deed, though dated April 30, 1925, was actually made and acknowledged May 20, 1936, and recorded on September 8, 1936. That deed recites:

"This deed is given to replace deed from George E. Merrick and Eunice Merrick, his wife, to Coral Gables Corporation dated April 30, 1925, which deed has been lost and was never placed of record, the creditors herein having been paid in full the consideration for said conveyance on April 30, 1925."

That at the time the complainant Laganke purchased the property from Coral Gables Croporation she was without knowledge as to any interest claimed by George Merrick or any of the defendants in the case.

The complainant claimed possession of the property but the record shows that she had not actually exercised acts of possession over the property which would constitute notice.

Subsequent to March 17, 1927, various judgments and deficiency decrees were entered against George E. Merrick, one of which was a deficiency decree in favor of G. M. Dantzler, a *feme sole,* entered in the United States District Court Southern District of Florida, dated January 3, 1930. Through various assignments the judgment was eventually assigned to defendant Gainco Inc., a Florida corporation, on October 18, 1934, and filed March 1, 1935.

That that deficiency decree was entered in connection with the foreclosure of a bond issue affecting lands in other subdivisions but not affecting the property here in-

volved. No credit was extended in connection with the obligation upon which the deficiency decree was entered on the basis of the property involved in this case being in the name of George E. Merrick. That after this suit was filed and after notice of *lis pendens* had been filed in connection therewith the defendant Gainco Inc., a Florida corporation, caused execution to be issued and the same was levied upon the property as the property of George E. Merrick and sold to the defendant Gainco Inc. and conveyed by Marshal's deed dated December 9, 1936. On August 11, 1936, Gainco Inc. acquired a quit claim deed from George E. Merrick and wife; (how the quit claim deed was acquired is of no consequence, because it passed no title).

The above statement of facts leads to the necessary conclusion that from and after April 30, 1925, George E. Merrick owned no beneficial interest in the property. It is immaterial in law whether he included the description of this property in the deed of conveyance to Coral Gables Corporation or not. The record shows that he sold the property to Coral Gables Corporation, received the consideration therefor, and either included the property or by inadvertence failed to include it. If he did fail to convey it the beneficial title passed to Coral Gables Corporation and he held the legal title in trust for Coral Gables Corporation.

Both parties claim title under George E. Merrick, therefore, a deraignment of title by plaintiff to George E. Merrick was all that was required in this regard. See Robinovitz v. Houk, 100 Fla. 44, 129 Sou. 501; Sec. 3213 R. G. S., 5005 C. G. L.

It will be noted that for approximately three years before the deficiency decree was entered against Merrick there was on record the warranty deed from Coral Gables

Corporation to the plaintiff. Of this deed the defendant Gainco Inc. had constructive knowledge and was thereby put on inquiry as to condition of the title of the complainant.

The case of Jacobs v. Scheurer, 62 Fla. 216, 57 Sou. 356, is in many respects like the case at bar. In that case it was held:

"Under the statute a judgment may be a general lien on the defendant's real estate without reference to the record of his title, and land actually conveyed before the judgment is rendered is not affected by the lien of the judgment where the liability on which the judgment was recovered had no relation to the property and accrued subsequent to its conveyance by the judgment debtor.

Where a conveyance of land is duly recorded before the levy of an execution on the land, the purchaser at the execution sale is under the statute not a purchaser of the land without notice of the prior conveyance, and takes subject thereto."

In the case of Hunter v. State Bank of Florida, *et al.,* 65 Fla. 202, 61 Sou. 497, it was said:

"The lien of a judgment attaches only to 'the real estate of the defendant.' The statute makes the judgment lien effective only as to the actual beneficial interests of the defendant. Jacobs v. Scheurer, 62 Fla. 216, 57 South. Rep. 356; 23 Cyc. 1368. But if the record shows a beneficial interest in the defendant and there are no circumstances to rebut such showing or to put interested parties upon inquiry, when in fact the defendant has no beneficial interest or only a partial or qualified beneficial interest, those who have the beneficial interest not shown of record may be estopped from asserting it against a bona fide judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or a purchaser

at a judicial sale under the judgment reasonably may have acquired substantial rights on the faith of or by reason of the record showing an interest in the judgment debtor when in fact such interest belongs to another.

"The registry statute does not operate to convey title or to create a lien upon property; but records made under such statute may operate as an estoppel where persons without actual knowledge and without circumstances to put them upon inquiry reasonably may have taken substantial steps relying upon the record; and those who by their conduct or neglect in permitting the record to mislead others must bear any consequent loss rather than the one who in good faith may have acted with reference to the record as being in accord with actual facts.

"In Mansfield v. Johnson, 51 Fla. 229, 40 South. Rep. 196, 120 Am. St. Rep. 159, the existence of the record of the deed in the name merely of the judgment debtor at the date of the record of the judgment may reasonably have misled the judgment creditor in extending the credit on which the judgment was founded. There was nothing to put the judgment creditor on notice or inquiry of the defendant's real rights and interests in the land.

"In this case a conveyance to the judgment debtor by Hunter, who remained in actual and continuous possession, was recorded after the record of a mortgage executed subsequent to the conveyance which mortgage executed after the conveyance contained a warranty that the mortgagor owned the legal title. The record of the mortgage prior to the record of the conveyance with the warranty contained in the mortgage was sufficient to put the judgment creditor upon inquiry and such inquiry would have developed the invalidity of the conveyance through which the judgment creditor claims.

"Under these circumstances the mere record of the con-

veyance executed long after the date of the judgment could not by any possibility operate as an estoppel against the grantor, mortgagor or the mortgagee."

In the case of Miller, *et al.*, v. Berry, 78 Fla. 98, 82 Sou. 764, the facts were that Berry apprehending that his property might become involved as a result of domestic difficulties conveyed the property to one Miller; the deed to Miller was duly recorded at the same time Berry took from Miller a deed which was not recorded and a statement signed by Miller that Berry would redeem the property at any time. At the time of this transaction there were several judgments against Miller. Executions were promptly levied upon the lands described in the deed. Berry filed suit to enjoin the sale of the property under the executions. The question presented was whether or not Miller's judgment creditors could appropriate the property to the payment of their judgment. The Court held that Miller never owned the property, nor any beneficial interest whatever therein, and the court said:

"The lien of a judgment under the statutes of Florida is effective only as to the beneficial interest of the judgment debtor in real estate.

"When it affirmatively appears that a judgment creditor has not acquired substantial rights on the faith of, or by reason of the record showing the title to real estate to be in the judgment debtor, the beneficial owner thereof is not estopped to assert his ownership as against such creditor."

To like effect is the case of The First National Bank of Arcadia v. Savarese, etc., 101 Fla. 480, 134 Sou. 501, in which we held:

"Not every judgment creditor has a legal right to subject property held by a trustee under a resulting trust to the satisfaction of his judgment, simply because, when

judgment was obtained, he had no notice or knowledge of the claim of the *cestui que trust*.

"Those who have a beneficial interest in property, not shown of record, may be estopped to assert it against a *bona fide* judgment creditor or subsequent purchaser of the judgment debtor, when the judgment creditor or a purchaser at a judicial sale under the judgment may reasonably have acquired substantial rights on the faith of or by reason of the record showing an interest in the judgment debtor when in fact such interest belongs to another.

"A judgment creditor cannot have his debt satisfied out of the property held in the name of his judgment debtor under a resulting trust for another, unless it is made to appear that it was on the faith of the judgment debtor's apparent ownership that credit was given which resulted in the judgment sought to be satisfied.

"A distinction is generally drawn between a judgment creditor who extended credit and acquired judgment on the faith of the title to certain property being at the time of the extension of the credit in the judgment debtor and a judgment creditor who extended credit without any such reliance, in cases involving the rights of the judgment creditor as against the *cuestui que* trust under a resulting trust in property found in the name of the judgment debtor and levied upon by the judgment creditor to satisfy his judgment.

"As against creditors who have relied upon a record title to property held by a debtor under a resulting trust, the *cestui que* trust will be estopped from asserting his claim, but as against other creditors the claim of the *cestui que* trust may be good, dependent upon the surrounding circumstances.

"As against a judgment creditor seeking to satisfy his judgment out of property of a *cestui que* trust under a

*resulting* trust, the rights of the innocent *cuestui que trust* should prevail unless it is made to appear that the *cestui que trust* for equitable reasons should be estopped from asserting his rights.

"It is not encumbent upon a *cestui que trust* under a resulting trust to develop or establish facts that show affirmatively that the judgment creditor had not acquired rights on the faith of or by reason showing title in the judgment debtor, because the general rule is that the burden of proving an estoppel rests upon the party invoking it."

The instant case is ruled by what was said in the Savarese case. See also Little v. Saffer, 110 Fla. 230, 148 Sou. 573. The rule stated obtains in many jurisdictions but it is not necessary for us to go beyond the records of this Court for citations.

For the reasons stated, the decree is reversed and the cause remanded with directions that a decree be entered in favor of the complainant in the court below.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., not participating, as this case was submitted before he became a member of the Court.