79 So.2d 517 (1954)
Peria M. HULL, Appellant,
v.
MARYLAND CASUALTY COMPANY, a corporation, Appellee.
Supreme Court of Florida. Special Division B.
December 10, 1954.
Rehearing Denied April 13, 1955.
Charles A. Powers, Jr., Jacksonville, for appellant.
Dixon, DeJarnatte & Bradford and Joseph F. Jennings, Miami, for appellee.
BARNS, Justice.
At final hearing upon complaint, answer and stipulated facts the plaintiff's bill to quiet title to land was dismissed; thereupon, plaintiff appealed upon the ground that the chancellor erred in the decree by finding the equities with the defendant and not for the plaintiff. In this assignment we concur and reverse.
Appellant presents five points relied on for reversal, but it seems that it will only be necessary to pass on the fifth as follows:
The equities are with the appellant as sole heir of her husband, who procured title to the land involved in 1927 by warranty *518 deed, which deed was not recorded until 1950 as against the defendant-appellee holding recorded judgments entered in 1932, 1933 and 1935 against the husband's grantor, which grantor appeared of record to be the owner of the land until the husband's deed was recorded in 1950; execution to enforce one of said judgments has been levied on the land but no execution sale of the land has occurred.
Owners of land claiming through unrecorded deeds are estopped to assert their title against purchasers or mortgagees for a valuable consideration without notice by reason of section 695.01 F.S.A., which provides:
"Conveyances to be recorded.  No conveyance, transfer or mortgage of real property, or of any interest therein, nor any lease for a term of one year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; * * *."
The lien of a judgment attaches only to the land of the judgment debtor, Hunter v. State Bank of Florida, 65 Fla. 202, 61 So. 497, and if the record title is in the judgment debtor but the true or equitable title is in a third person, such rights of the third person as against the judgment creditor are superior when the true owner is not estopped to assert the true title. Hunter v. State Bank of Florida, supra; First National Bank of Arcadia v. Savarese, 101 Fla. 480, 134 So. 501, 504; Arundel Debenture Corporation v. Le-Blond, 139 Fla. 668, 190 So. 765; Laganke v. Sutter, 137 Fla. 71, 187 So. 586. The true owner is estopped to assert his title against bona fide purchasers who rely upon the record title and are without notice of the interest of the true owner.
Willys-Overland v. Blake, 97 Fla. 626, 131 So. 884, on the point now in question has by implications been overruled by the Savarese, LeBlond and Sutter cases, supra.
The appellee-defendant-judgment creditor, not being a purchaser or mortgagee for a valuable consideration, without notice, the decree appealed from is reversed for the entry of an appropriate decree.
ROBERTS, C.J., and HOBSON and DREW, JJ., concur.

On Petition For Rehearing
HOBSON, Justice.
Under the stipulated facts of this case, an agreement for deed covering the property here in suit was entered between Coral Gables Corporation, as grantor, and J.M. Hull, as grantee, dated August 21, 1925. This agreement was not recorded, but it was assigned by the Coral Gables Corporation as security for a debt and the assignment was recorded in Mortgage Book 570, Page 212, of the public records of Dade County, Florida. A partial release of the subject property from a former blanket mortgage, the release dated December 5, 1925, was also recorded, as was a satisfaction of a trust indenture and reassignment of the Hull contract for deed to Coral Gables Corporation, dated April 30, 1927. These documents were recorded before the oldest judgment under which the appellee Maryland Casualty Company now claims was obtained against Coral Gables Corporation. Appellee admits in its brief that the contract for deed was listed by reference in some of these recorded documents, although as indicated in the original opinion the deed ultimately issued by Coral Gables Corporation to Hull was not recorded until 1950.
By ordinary common-law principles, the doctrine of equitable conversion becomes operative upon entry of an agreement to convey title to realty. The vendee immediately becomes the beneficial owner, and the vendor retains only naked legal title as security for payment of the purchase price. Michaels v. Albert Pick & Co., 158 Fla. 877, 30 So.2d 498. Without reference to the recording statute, quoted in the original opinion, the liens of the judgments, or any of them, under which appellee claims, could not have attached to the interest of the vendor, because he had no interest *519 to which such liens are capable of attaching. Hunter v. State Bank of Florida, 65 Fla. 202, 61 So. 497, cited in the original opinion.
Appellee contends in its petition for rehearing that the last paragraph of the original opinion appears to write the word "creditors" out of the recording statute, and offers protection only to purchasers and mortgagees. Insofar as the language of that paragraph can be so construed it must be, and it is hereby, receded from.
The statute, however, protects only those creditors who are without notice, and the question thus becomes whether the statute operates in this case to defeat the rights of the grantee's widow, appellant herein, under the contract for deed which was executed, and the purchase price paid, so long ago. We think that it does not, because the notice available to the appellee, by virtue of recordation of the assignments of the agreement for deed and the release of the blanket mortgage covering the subject property, was sufficient to take the case out of the statute. The case of Michaels v. Albert Pick & Co., supra, 30 So.2d 498, is almost directly in point. In that case the grantee failed to record either his agreement for deed or his deed, but agreements for deed through which he claimed were of record, and this was held to be sufficient notice as against a judgment creditor of the grantor. In the present case, the agreement itself was not of record, but was incorporated by reference in other instruments of record. The record constitutes notice not only of its own contents, but of such other facts as would have been learned had the record been examined and inquiries suggested thereby duly prosecuted. Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481.
The result reached in the original opinion is adhered to, and the opinion, as modified herein, shall stand. It follows that the petition must be, and it is hereby, denied.
MATHEWS, C.J., and ROBERTS, DREW and BARNS, JJ., concur.