448 P.2d 440

ROBBINS INVESTMENT CO., Inc., an Arizona Corporation, Appellant,

v.

GREEN ROSE ASSOCIATES, INC., a New York corporation, and Ballmary Realties, Inc., a New York corporation, Lionel R. Bauman, Allen D. Emil and Eugene M. Grant, Appellees.

No. 2 CA–CIV 491.

Court of Appeals of Arizona.

Dec. 6, 1968.

Rehearing Denied Jan. 14, 1969.

Review Denied March 4, 1969.

Schorr & Karp, by Marvin D. Karp, Tucson, for appellant.

Chandler, Tullar, Udall & Richmond, by James L. Richmond, Tucson, for appellees.

KRUCKER, Judge.

This is an appeal from a summary judgment granted in favor of the defendants in an action brought by the plaintiff to set aside a conveyance of certain real property as fraudulent.

The facts, as they appear from the record, are as follows. Green Rose Associates, Inc., hereinafter referred to as Green Rose, took title to a 23-acre parcel of land in Pima County, Arizona, on May 8, 1959. The purchase price for this 23-acre parcel was paid by the individual defendants, Bauman, Grant and Emil, each of the aforesaid defendants paying one third of this purchase price, and at their instruction the deed was made naming Green Rose as the grantee. Prior to the transfer of this property to Green Rose, specifically on March 6, 1959, Green Rose and the individual defendants entered into a written agreement which provided that Green Rose was to act as the nominee or agent for the individual defendants. After Green Rose took title to this land and prior to February 1, 1960, the premises were divided into two separate parcels, one consisting of approximately nine acres, and the second consisting of approximately fourteen acres. The nine-acre parcel, which we shall refer to as parcel A, was leased, in July of 1959, to a tenant who was to operate a motor hotel which was to be built on that parcel. Green Rose was to have the responsibility for the construction of the motor hotel, and it thereafter entered into a construction contract to that end. Initial construction financing was ob-

tained from the Valley National Bank, and in conjunction with its loan application, Green Rose submitted to that lender a financial statement which listed neither parcel A nor the remaining fourteen-acre parcel, which we shall hereinafter refer to as parcel B, as an asset of Green Rose, nor does the statement list as an asset of Green Rose any other real property as of June 30, 1959. Negotiations for permanent financing were made with the Sixty Trust, the amount of the loan to be $1,400,000. This loan was to be made to Green Rose, and to secure the loan Green Rose was to execute in favor of the Sixty Trust a mortgage on parcel A, an assignment of the hotel lease, and an assignment of a chattel mortgage which Green Rose held on the furniture and equipment in the hotel. In neither the loan agreement nor the mortgage between Green Rose and the Sixty Trust was there any express reference to the nominee status of Green Rose, but the loan agreement did contain a clause which provided that only Green Rose should be liable on the obligation and that no principal, disclosed or otherwise, of Green Rose should be liable on this obligation.

The mortgage given by Green Rose to the Sixty Trust has a similar provision. This mortgage was recorded on February 1, 1960, and on the same date, Green Rose transferred title in parcel A to the individual defendants, retaining in itself title to parcel B. This situation existed until August 24, 1962, when the individual defendants, observing that the operator of the hotel was having financial difficulties, and fearing a foreclosure, executed in favor of Green Rose a deed to parcel A. The Sixty Trust foreclosed its mortgage on parcel A, and on October 9, 1963, a deficiency judgment in the amount of approximately $79,000 was entered against Green Rose.

On January 27, 1964, the deficiency judgment, which had been reduced to approximately $56,000, was assigned by the Sixty Trust to the plaintiff, Robbins Investment Company, Inc. On January 7, 1963, and prior to the entry of the defi-

ciency judgment, Green Rose executed a deed to parcel B naming therein Ballmary Realties, Inc., as grantee, and transfer is admitted to be without consideration.

Defendants Bauman and Grant are the sole shareholders in both Green Rose and Ballmary; each is also a director and officer in Green Rose and Ballmary. Defendant Emil, on the other hand, is neither an owner nor a manager of any interest in either Green Rose or Ballmary.

Defendants' motion under Rule 56, Arizona Rules of Civil Procedure, 16 A.R.S., asserting the absence of any genuine issue as to any material fact, was granted by the trial court, and plaintiff claims error in two respects. First, that a genuine factual issue existed on the question of beneficial ownership of parcel B by Green Rose. The second genuine factual issue asserted by plaintiff to exist deals with the question of whether or not the individual defendants were estopped to deny that Green Rose was the beneficial owner of parcel B.

■■■ It is a most familiar rule of law that motion for summary judgment should not be granted when there is a genuine issue as to any material fact. Springer v. Bank of Douglas, 82 Ariz. 329, 313 P.2d 399 (1957).

"* * * In resolving the question as to whether summary judgment should be granted, the trial court does not weigh the evidence, nor do we; but the pleadings, affidavits, depositions and admissions, if any, must be viewed in the most favorable aspect they will bear in support of the right of the party opposing the motion to a trial of the issues." Peterson v. Valley National Bank of Phoenix, 90 Ariz. 361, 363, 368 P.2d 317, 318 (1962).

■■■ When a party moves for summary judgment, it is incumbent upon him to make a *prima facie* showing that there exists no genuine issue as to any material fact, and this be true regardless of which party would have the burden of proof on these issues at trial. Elerick v. Rocklin, 102 Ariz. 78, 425 P.2d 103 (1967). How-

ever, where the moving party has made such a *prima facie* showing, then the party opposing the motion has the burden to produce sufficient evidence to show that there is an issue, and he must show that evidence is available which would justify a trial of the issue. Dobson v. Grand International Brotherhood of Locomotive Engineers, 101 Ariz. 501, 421 P.2d 520 (1966).

Turning first to the matter of the beneficial ownership by Green Rose of parcel B, the record indicates without substantial or genuine dispute that, at all times while Green Rose was titleholder to parcel B, it held bare legal title and nothing more, and that during these same periods the individual defendants were in fact the equitable and beneficial owners of parcel B. The record shows an agreement between the individual defendants and Green Rose that Green Rose would take the title to real property in its own name, but as the nominee or agent of the individual defendants, and that it would deal with this property according to the instructions of the individual defendants. Furthermore, the record shows without contradiction that the individual defendants supplied the purchase price for parcel B and that Green Rose was made the grantee at their direction. With all possible doubts resolved in favor of sustaining the plaintiff's position, the record is nevertheless devoid of any evidence or inferences that, as between the individual defendants and Green Rose, there was any intention to make Green Rose the beneficial or equitable owner of parcel B.

The fact that the individual defendants and Green Rose clothed their agency agreement with secrecy does not permit an inference that Green Rose was to become absolute and beneficial owner for all purposes where the activities of the defendants were at all times consistent with the terms of the agency or nominee agreement.

In light of the foregoing, the transfer by Green Rose to Ballmary could not, under any reasonable interpretation of the evidence, be found to be fraudulent as to the creditors of Green Rose, unless the beneficial owners, that is, the individual defendants, could be found to have been estopped to deny beneficial ownership of Green Rose as to parcel B.

"We think it may be safely said that, where no question of estoppel is involved, a conveyance by a debtor who holds property in trust or holds the bare legal title of property for another is not fraudulent as against his creditors when made by the debtor to the equitable owner or even to a third person at the request of the equitable owner, and the property so conveyed cannot be reached in equity and subjected to the payment of the debts of the debtor or grantor. [Citations omitted]

"If the (individual defendants), by permitting the legal title to the lots to stand in the name of the defendant (Green Rose), had induced the plaintiff or others to extend credit to the said defendant (Green Rose), believing (parcel B) to belong to (Green Rose), it may be, the defendant (Green Rose) being insolvent, that the (individual defendants) would be estopped in proper proceedings instituted by such creditors from denying their right to proceed against (parcel B) in satisfaction of any judgment obtained by him or such other creditors. * * *" Kingsbury v. Christy, 21 Ariz. 559, 564, 192 P. 1114, 1115 (1920).

We now move to the matter of an estoppel, the second basis upon which plaintiff claims error, and in conjunction with it, we shall also take up defendants' contention that the question of estoppel is not properly before the court.

While it is generally true that one who would raise an issue of estoppel must do so in his pleadings, this requirement does not obtain where no responsive pleading is required and where the estoppel is asserted by the plaintiff to avoid the effect of a defense stated in the defendants' answer. Since defendants' answer did not contain a counterclaim, no respon-

sive pleading was required of the plaintiff, and therefore, the above-stated rule applies in this case. Rule 7(a), Rule 12(b), Arizona Rules of Civil Procedure, 16 A.R.S.; In re Brandt's Estate, 67 Ariz. 42, 190 P.2d 497 (1948). The memoranda submitted to the trial court, both in support of and in opposition to defendants' motion for summary judgment, were sufficient to fairly apprise the trial court that plaintiff was claiming an estoppel against the individual defendants. The question of estoppel, therefore, is properly before this court.

■ The Arizona Supreme Court has defined estoppel as a concurrence of the following elements: (1) conduct by the party to be estopped by which he intentionally or through culpable negligence induces another to believe and have confidence in certain material facts; (2) action by the party so induced in reliance, justifiably taken, upon the apparent state of the facts; and (3) injury to the party so induced which is caused by his reliance. Builder's Supply Corporation v. Marshall, 88 Ariz. 89, 352 P.2d 982 (1960). There will be no estoppel in case any of the foregoing elements are lacking. Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037 (1958). It is plaintiff's position that the individual defendants permitted the title to parcel B to stand in the name of Green Rose, that the Sixty Trust, at the time it made the loan to Green Rose, was aware that Green Rose had such title, that the Sixty Trust was unaware of any limitations on the title to parcel B held by Green Rose, that the Sixty Trust relied upon the apparent ownership of parcel B by Green Rose in making the loan, and that as a result of this reliance, plaintiff, as assignee of the interest of the Sixty Trust, will be injured if the individual defendants are permitted to deny that Green Rose was the owner of parcel B.

The record, construed most favorably to plaintiff's position, permits a finding of the following factual picture. The individual defendants permitted the title to parcel B to be held by Green Rose; the Sixty Trust knew that Green Rose had title to parcel B; the Sixty Trust did not know of any interest of the individual defendants; the Sixty Trust made no inquiry, either of the individual defendants or of Green Rose, regarding parcel B or any other possible assets of Green Rose; the Sixty Trust made the loan to Green Rose for the purpose of constructing and operating a motor hotel on parcel A, and to secure this loan the Sixty Trust took, among other things, a real property mortgage on parcel A. There is also undisputed evidence that the Sixty Trust understood that Green Rose was a corporation whose existence was solely for the purposes of this hotel transaction, and that the security for the loan was to be the hotel "package", which did not include parcel B, and that no other assets would secure the loan. The Sixty Trust understood that the general assets of Green Rose only were to become subject to process for the purpose of satisfying any deficiency judgment, and that Green Rose, in its dealings with the Sixty Trust prior to and contemporaneous with the making of the loan, exercised general proprietary powers over parcel A, but not over parcel B. The record further shows that at no time were any affirmatively misleading statements made to the Sixty Trust regarding the ownership of parcel B, and that during the preliminary negotiations for the loan, parcel B was not discussed in any manner.

The existence of an estoppel in this case, as correctly indicated in the briefs of counsel, depends upon reliance, justifiably taken, by the Sixty Trust upon the title which Green Rose held to parcel B at the time the loan was made.

■ Before a party may claim an estoppel based upon his reliance, it must be shown that the reliance was justified. Reliance will be justified in case the party claiming the estoppel had a right to rely upon the conduct or representation of the party against whom the estoppel is asserted.

It may be that reliance upon record ownership could be justifiably taken in some circumstances. See, Laganke v. Sutter,

137 Fla. 71, 187 So. 586 (1939); Osin v. Johnson, 243 F.2d 653 (D.C.Cir. 1957).

■ However, under the circumstances of the case before us, we are of the opinion that the lender had no right to rely. The entire loan transaction dealt only with parcel A and the improvements thereon; parcel B never entered the parties' discussions. Before conduct may make reliance justified, it must be such as the actor knew or should have known that the other might rely. Berenato v. Gazzara, 346 Pa. 568, 31 A.2d 81 (1943). The fact that Green Rose was record owner at the time the loan was made is not sufficient in and of itself to give actual or constructive notice that the lender might rely on the record title. In the making of this loan, the security was discussed in great detail, and we feel that before the lender could be said to have a right to rely upon the record ownership of parcel B, the circumstances would have had to be such as would make the possibility of such reliance known to the individual defendants. The record shows that no reference to parcel B was made, and in these circumstances reliance upon record ownership by Green Rose could not be justified; the conduct asserted as the basis of the estoppel was not sufficient to charge the individual defendants with knowledge, actual or constructive, that the lender was or might be mislead to its detriment. In the absence of a right to rely, there can be no estoppel.

Having found no genuine issue as to any material fact under either theory asserted by plaintiff on this appeal, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.