269 So.2d 733 (1972)
The EXCHANGE NATIONAL BANK OF TAMPA, Appellant,
v.
ALTURAS PACKING COMPANY, INC. and Crittenden Fruit Company, Inc., Appellees.
No. 71-363.
District Court of Appeal of Florida, Second District.
December 1, 1972.
C. Parkhill Mays, Jr., of Holland & Knight, Lakeland, for appellant.
Dabney L. Conner, of Boswell & Boswell, Bartow, for appellee Alturas Packing Co., Inc.
William H. Davis, of Giles, Hedrick & Robinson, Orlando, for appellee Crittenden Fruit Co., Inc.
DAYTON, ORVILLE L., Jr. (Ret.), Associate Judge.
The parties hereto have stipulated as to the facts in this case. It appears that during September and October, 1970, appellant, The Exchange National Bank of Tampa, obtained and served writs of attachment prior to judgment on certain grove properties owned by Nunn Growers, Inc., David P. Nunn, Jr. and Bertilou Nunn. Notices of levy were thereafter filed in the public records of the counties in which the lands were situated. Summary judgment was subsequently entered in favor of appellant and against Nunn on November 13, 1970, and was thereafter recorded in the public records of the counties in which the lands were situated.
On August 21, 1970, prior to the attachments and recording of the summary judgments by appellant, appellee, Crittenden Fruit Company, Inc., contracted to buy certain citrus crops then growing on the lands later attached by appellant for the sum of $13,000, which was paid to and accepted by Nunn.
On August 26, 1970, prior to the attachments and recording of the summary judgments by appellant, appellee, Alturas Packing Company, Inc., entered into a "Bulk Purchase Agreement and Contract" for the purchase and sale of certain citrus crops then growing on the lands later attached by appellant for $15,000, which was paid to and accepted by Nunn.
The lower court by its order dated April 8, 1971, held that all right, title and interest *734 in the citrus crops and proceeds therefrom described in the stipulation passed to and vested in the appellees, respectively, free from any and all claims of appellant. From such order this appeal is taken.
In the final order of the court below, the court made the following findings:
"1. That the crops of citrus fruits sold by Nunn Growers, Inc., to Alturas Packing Company, Inc., and Crittenden Fruit Company, were goods within the definition of Section 672.2-107(2), Florida Statutes, F.S.A.
"2. That The Exchange National Bank of Tampa was an unsecured creditor of Nunn Growers, Inc., by virtue of its judgment entered in Case No. 70-3093 in this Court. The suit was filed after the sales by the defendant to Alturas Packing Company, Inc., and Crittenden Fruit Company, Inc.
"3. That there was no reliance by The Exchange National Bank of Tampa upon the public records to determine ownership of or encumbrances upon said crops of citrus fruits in extending credit to Nunn Growers, Inc.
"4. That there was no evidence of bad faith or fraudulent dealings between vendor Nunn Growers, Inc., and vendees Alturas Packing Company, Inc., and Crittenden Fruit Company, Inc., designed to defeat the claim of The Exchange National Bank of Tampa, or that vendees had knowledge of any claim of The Exchange National Bank of Tampa against the vendor.
"5. That the sales to the vendees were made in good faith and full consideration passed on execution of the contracts which identified the goods so as to preclude the claims of The Exchange National Bank of Tampa under Section 672.2-402, Florida Statutes, F.S.A.
"6. That the sales were made in the current course of trade by the seller and the retention of possession by the seller was not fraudulent, since the goods, namely citrus fruit, could not thereafter be harvested by the vendees until mature."
It is contended by appellant that in order for appellant to have notice of the sale of the citrus crops to appellees, the contracts for such sales should have been recorded as a document transferring an interest in land, and that having no such notice appellant was a secured creditor by reason of its attachment of the realty and summary judgment, all of which were entered of record after the sale of the citrus crops to the respective appellees.
It is contended by appellees that the sale of the citrus crops prior to notice of attachment constituted a constructive severance of the fruit crops from the realty, and that subsequent levy on the lands alone, without reference to the citrus crops growing thereon, did not include such citrus crops. Therefore, since the notice of levy did not include the citrus crops, such notice of levy was restricted to the land itself, the crops having been previously constructively severed.
It is our view that Section 672.107(3) as presently worded does not require the recording of a sale of citrus fruit in order to provide constructive notice to others of the nature of the buyer's interest in the crop.
It is our further view that the sale of the citrus crops to the respective appellees constituted a constructive severance of the crops from the land.
In order to enjoy the position of a secured creditor the record should reveal that in extending credit to Nunn, appellant relied upon the public records. Inasmuch as such does not appear from the record before us, such position is denied the appellant. First Nat. Bank of Arcadia v. Savarese, 101 Fla. 408, 134 So. 501.
Finding no error in the judgment appealed from, the judgment is hereby affirmed.
*735 HOBSON, Acting C.J., concurs.
McNULTY, J., concurs specially.
McNULTY, Judge (concurring specially).
I would affirm but solely on the ground that the writ of attachment merely sought to levy on the realty and not on the growing crop thereon which, pursuant to § 672.107(2), F.S.A., is rendered "goods" or personalty. There may well have been another question here if the writ had sought to levy on the crop, but we are not called upon to answer it now.